United States v. McClammy. Thank you, Your Honor. May it please the Court. I am Assistant Federal Public Defender Laura Koenig with the Eastern District of Virginia, and I represent Carlos McClammy appellant in this case. There are two primary issues in this case. First, the District Court erred when it concluded that Mr. McClammy's 924C conviction in Count 4 was predicated on bank robbery rather than Hobbs Act conspiracy. The criminal information without any ambiguity charged a single offense, namely Hobbs Act conspiracy, as that predicate. Mr. McClammy's co-defendant also got relief on the same Section 2255 motion, the same argument in 2019 on a 924C conviction that was identically worded. But even if the Court finds that the predicate in Count 4 was ambiguous, the Court must resolve such ambiguity in favor of Mr. McClammy, and the District Court incorrectly held otherwise. Second, after the Supreme Court's decision in Borden v. United States, bank robbery is no longer a crime of violence. Between the plurality decision and Justice Thomas's concurrence, Borden holds that only specific intent suffices under the statute. The District Court in McNeil did not have the benefit of the clarification in Borden. Well, the bank robbery, on the Borden point, the bank robbery statute has a knowledge as it's a mens rea, does it not? Doesn't seem that it says recklessness. Says that knowledge is necessary, there's the necessary mens rea. That's right. And McNeil is emphatic on that same point. That's correct, Your Honor. The Supreme Court in Carter, this Court in Woodruff, and also McNeil have found that the bank robbery statute in 18 U.S.C. 2113a is a general intent crime, meaning that knowledge suffices. Specific intent is, as Woodruff found, not even considered as an element for the bank robbery crime. Well, didn't all that Borden did was to nullify predicates with a mens rea of recklessness? Well, Your Honor, I think it's an interesting question because when we look at the effect of how the decisions came out in Borden, we have four justices that sided with Justice Kagan, we have Justice Thomas who concurred, and then we have four justices who dissented. And when we look at this Court's analysis of the Marks rule and how we govern what is a rule from a case in which there are split decisions in A.T. Massey Coal Company, this Court has observed that we have to look and see if there is an implicit majority. And so when we look at the four justices that sided with Justice Kagan in Borden, we see that those four justices agreed that specific intent is at least something that must be found. And then Justice Thomas specifically finds and only finds that it is specific intent that is required. Where are the words reckless disregard used in the bank robbery statute? I apologize, Your Honor, I didn't hear the Court's question. Where are the words reckless disregard used in the bank robbery statute as a satisfactory mens rea? Your Honor, I don't believe they are. Well, isn't that important? It is very important, Your Honor. And so that is why, that is in part why when we're looking at what the Court's precedence, what the statute requires, it has to be a higher threshold than what was found. Well, what I'm saying is I don't understand how you can say that Borden is of assistance to you and there's nothing in the bank robbery statute that suggests a mens rea that is of some lesser order or quality than knowledge. Well, Your Honor, when we look at the Supreme Court's decision in Carter, Carter makes clear that 2113A requires a general intent, which is understood to mean knowledge. And so when we're looking at the threshold that for general intent versus specific intent, specific intent requires that it be a purposeful act, that it be something that is the specific intent of the individual committing the crime. But this is all a house of inferences, isn't it, to try to compensate for the fact that the statute itself doesn't set forth a mens rea of recklessness. I mean, I don't disparage your argument. It's very creative, but it is a house of inferences. Well, Your Honor, this Court is bound by the Supreme Court's decision in Carter, and I appreciate the Court's comments. Well, didn't we expressly reject in McNeil that bank robbery can be committed recklessly? You did, Your Honor. And so in McNeil, McNeil only addressed that it is the general intent that is required. And our position is that after Borden, the force clause requires the Court that there's evidence to support a specific intent. And that's what is missing here. But I want to make sure that we're... So your argument hinges on us kind of overlooking a significant portion of the Supreme Court's decision in Borden, right? There's a discussion of how specific intent is enough, how knowledge is enough. There's a discussion of how that would happen. I think there's a traffic accident hypothetical. It's pretty clear the Supreme Court was telling us that knowledge is enough. And the Marks Rule doesn't seem to help you, even if we read Justice Thomas's opinion to be stricter, because that's not how the Marks Rule works. So McNeil seems to still be in good standing if knowledge is still sufficient. I appreciate the Court's question. Our position is that after Borden, specific intent is required. I do want to emphasize, though, this Court has no need to even foray into the bank robbery discussion, because what happened in the District Court is that it is very clear that count four is predicated on Hobbs Act conspiracy. But don't we... They kind of work together because of the cause and prejudice problem, right? This was defaulted. And if we get to prejudice, then there's a question of, would the alternative predicate have been supportable on the alternative predicate is bank robbery? I think it's really important to parse that out very carefully, Your Honor. So when we look at cause, cause is established when a constitutional claim is so novel that its legal basis was not reasonably available to counsel. I don't think that that question should be in dispute. Johnson clearly did away with the residual clause in 924C, the residual clause, and Davis applied that same finding to the residual clause in 924C. When we get to the prejudice... How could you be prejudiced? Because the government would simply have... If you've raised a problem with this and had not procedurally defaulted and had raised a Davis claim or whatever, the government would have simply shifted the predicate over to one of bank robbery, and it was in your interest, equally with whatever predicate that was, it was in your interest to accept the plea deal. Your Honor, so the prejudice standard that the government is proposing is one that requires a fact-intensive search, but that's not what the law requires. Frady requires that a prejudice is found when the error works to the actual and substantial disadvantage to the claimant. And so when we're looking at Mr. McClamy's case here, first, I think it is really important to appreciate what the government did here. When someone is charged with conspiracy to commit bank robbery, that conspiracy charge can only be brought in 18 U.S.C. 371. That carries a five-year statutory maximum. So there... Just a conspiracy question with respect to the bank robbery, the conspiracy was with respect to the Hobbs Act. The bank robbery, it seemed to me, when you get down to the question of the predicate for Count 4, the specific references to overt Act 6 of Count 1, which is quite specific and not general, but it charges a specific bank robbery on a specific day. Well, Your Honor, neither Count 1, which is the Hobbs Act conspiracy count, nor Count 4 identify any basis in the statutory language of 2113A. Both Counts 1 and Count 4 identify the predicate as 1951, which is the Hobbs Act statute. 2113A does not contain a provision that the bank robbery can be committed by conspiracy. So therefore, in order to charge that there is a series of bank robberies that are involved in a conspiracy, the government has to charge it as a Hobbs Act conspiracy. And in so doing, they increase the statutory maximum to 20 years. They also, by charging it as a conspiracy, get to lump in other robberies that are considered for relevant conduct purposes for the guidelines. And they also increase the loss amount under the guidelines section 2B3.1. So there's a very strategic reason for the government to have charged this as a conspiracy. And so it's not just a matter of happenstance or a scrivener's error that it happens to say 1951 as opposed to 2113A. Well, if this had been a trial instead of a plea, wouldn't the government have had to prove a bank robbery occurred? Your Honor, what the government would have had to have proved as charged in the Count 4 is that there was an agreement to commit a Hobbs Act robbery and that the gun was discharged in furtherance of that agreement. That is what the government would have had to have proved at trial as it relates to Count 4. So when we're looking at prejudice- But you're conceding the point that you don't need a separate charge and conviction on that 24C predicate. You just don't need that. It's enough that a reasonable jury could convict on that. And I don't understand why a reasonable jury wouldn't be able to convict on that in view of the fact that there was a specific as to the time and place and circumstances of the bank robbery. I haven't seen anything to persuade me that a reasonable jury would fail to convict on a bank robbery charge. And in fact, there wasn't anything in the plea colloquy or anywhere else that would raise that point or suggest it. Well, Your Honor, we have several important things. One is the information itself. Two is the prior district court order that denied Mr. McClamey's motion to amend his 2255 originally in 2018 that described Count 4 as being based on Hobbs Act conspiracy. We also have the evidence that Mr. McClamey's co-defendant received a 2255, an unidentically worded relief under 2255 on an identically- All right, but let me assess. I thought there were stipulated facts both at the time of the plea colloquy and in the plea agreement. There are, Your Honor. There are stipulated facts, Your Honor. There are stipulated facts. And I thought that the stipulated facts were the 924C offense in Count 4 all pointed to the bank robbery as an adequate precedent. And this is where the distinction between the standard for prejudice and the standard for this court to look at the underlying facts. Actual innocence as it relates to Count 4 only applies if this court finds that the bank robbery or that the 924C- How can we find actual innocence in light of the stipulated facts and in light of the guilty plea? So, Your Honor, the only way to find actual innocence in Count 4 is one of two ways, one of which is the court finds, as I think it should, that the Count 4 is predicated on because when we look at the facts, what Boosley tells us to do is when we look at the facts, we look at the count that is charged. Unless there is evidence in the record, which is not present here, that the parties negotiated away a more serious charge. So, when we look at the count that is charged here, which is Hobbs Act conspiracy, it's got to be based on that. And if we didn't have this distinction in looking at the facts between the prejudice standard and the actual innocence standard, there would be no reason to have two separate exceptions to procedural default. Otherwise, they would conflate into one. And so that's why Frady, Your Honor, finds that the prejudice standard has to be that it worked to his actual and substantial disadvantage. Here, Mr. McClammy was convicted of a second 924C count, which not only required a mandatory sentence, but at the time required a 300-month consecutive mandatory sentence. And I see my time is up. Where do you find actual innocence of this bank robbery in view of the guilty plea, which specifies so many of the salient facts? All right. I see my time is up. May I answer the court's question? Why don't you go ahead and just reserve it for rebuttal, would you mind? Thank you, Your Honor. All right. We'll hear from the government here. Good morning, and may it please the court. Jacqueline Beshara for the United States. When the defendant pleaded guilty to count four, he admitted in the statement of facts that he aided and abetted a bank robbery on July 10th, 2012, and that he discharged a firearm during that bank robbery. So whether the court resolves this case through the lens of procedural default or on the merits, the defendant is not entitled to vacate or have his 924C conviction. Well, I'm curious as to, did you handle the co-defense 2255? I did not, Your Honor. Do you have any knowledge of how he got relieved? I don't know, Your Honor. I understand that those proceedings occurred before the proceedings in this case. As best I can tell, that was a mistake in terms of the government's response there. But for the court's reference, to the extent the court is concerned about some kind of unfairness between co-defendants, what happened after the co-defendant's conviction was vacated was that he was ultimately resentenced, and the court simply increased his sentences on the remaining valid convictions. So now that co-defendant is serving a sentence of 420 months, which is just 12 months shorter than Mr. McClany's sentence in this case. But in any event, of course, I'm sure the court is aware that the district court, in making a factual determination of what the predicate supporting count 4 was, was not bound by the government's concession in another case, right? It is, as this court said, in Saeed and Ali, this is a fact-specific, case-specific assessment that really turns on the record documents here. I mean, didn't the district court just misread this? You know, you have cause and prejudice and other good arguments, but it pretty clearly says count 4 is the crime of violence is conspiracy in violation of 1951A. As specified in Overdraft 6. Right, right. And says conspiracy in violation of 1951A, and you agree with me that's the Hobbs Act, right? Of course, yes. As charged in count 1, Overdraft 6. And you have to have that Overdraft 6 to make clear that it's not the Overdraft that's charged in the other 924C to make sure that they're not, it's not the same predicate act in both counts, right? That's why you had to specify the Overdraft. That's correct. Right. Because that doesn't mean that it's the predicate's bank robbery, it just means you had to specify what the Overdraft for the conspiracy was. Perhaps, Your Honor, but I think the other documents in the record support the district court's determination. And given that this court is reviewing a factual finding for clear error, when there are two permissible views of the evidence that- There's definitely not two permissible views of how to read this, but you win for other reasons, right? Like you have your procedural fault arguments, et cetera. But I don't see a straight faced argument that this is a bank robbery predicate. The bank robbery statute is just not mentioned here. But it is, the 924C is specifically identified as occurring on July 10th, 2012. And we know that it's a discharge, it's not just a use of a firearm in furtherance of an overall conspiracy, right? If you think about this court's reasoning in Said, for example, where the defendant argued that he might have, the jury could possibly have convicted him of 924C and 924O offenses based on the conspiracy offenses of which they found him guilty, rather than the substantive offenses. And this court reasoned that there was just no reasonable probability that the jury could have found him guilty of looking specifically at the evidence adduced at trial was based on a particular offense in April, 2010 and an attack against the U.S. We're just reading a document. This is a guilty plea. And he pled to what's written here. And the reason you have an overt act is because it's conspiracy, right? Conspiracy, you have to specify what the act is. It doesn't make the act the predicate offense. Conspiracy is still the predicate offense. Your Honor, we would dispute that and we rely on the district court's factual finding, especially given the admissions in the statement of facts and at the plea policy, that this was a discharge of a firearm during the bank robbery. Right. He admitted, and there's, yeah, he admitted the overt act six, right, that he robbed a bank with a gun. That's why that's a valid alternative predicate. But it doesn't change what the document says, right? The predicate is conspiracy under 1951A. We don't have to dwell on this, but I just, I don't buy that argument. But you have other good arguments you may want to talk about. Of course, yes. I'm happy to discuss the procedural default arguments if that would be helpful. So just to respond to my friend's point, we do dispute that the defendant has established novelty sufficient to establish cause. We know that from the Supreme Court's decision in Bosley that this kind of claim is, it just does not rise to the level of cause. I thought it's cause if the Supreme Court explicitly overrules its prior decisions. Hasn't the Supreme Court said that's cause? Well, that was in Reed v. Ross, which predated Bosley. And the Fifth Circuit in Vargas Soto reasoned that Bosley really limits the force of Reed v. Ross and kind of narrowed the scope of what does constitute novelty. I think the defendant is sort of characterizing this as a species of novelty that turns on futility. But both the Supreme Court and this court have repeatedly rejected the argument that futility rises to the level of cause, right? Yeah, but Bosley's saying that it wasn't novel because the court hadn't ruled on it definitively, and the federal reporters were full of cases where people were raising this sort of challenge that's going on. But this issue, like people challenged it all the time, but the Supreme Court had definitively rejected their arguments. So isn't that pretty different from Bosley? Not quite, Your Honor, because if you look at the Supreme Court's more recent decision in Greer, understandably that's in the context of plain error review. But the Supreme Court rejected the defendant's argument that some kind of exception to plain error applied because every court of appeals before rehave had held that 922G doesn't require knowledge of status. And the Supreme Court said that's still not enough to show some kind of exception for futility or novelty. So if that's true in the plain error context, it must be true here on lateral review where the standards are that much more onerous. You don't need us to rule on that ground, right? We don't know, Your Honor. It's enough for this court to find that the defendant cannot establish actual prejudice for the reasons that I believe both you and Judge Wilkinson were noting. There's just no reasonable probability the defendant wouldn't have pleaded guilty if the government had simply sort of reformed or relabeled the predicate here. We know that because the defendant hasn't come forward with any evidence in the predicate was determinative of his decision to plead guilty. Further, under this court's decision in Puget, we can look at circumstances like, first of all, the evidence that likely would have been presented at trial as stipulated in the statement of facts, and as well as the potential for additional charges, right? I mean, we know at JA 55 to 56, the defendant admitted to his he could have faced a significantly higher mandatory minimum if the government had charged each of those armed bank properties as separate 924C offenses back in 2014 before the First Step Act. And so that is a sufficient ground for this court to affirm the district court's ruling. I'm happy to talk about the Borden issue at this point, unless the court has other questions about procedural default. So briefly, just to confirm, Borden never held that the Force Clause requires specific intent. No court of appeals since Borden has understood Borden to hold that. In fact, the en banc panel of the Ninth Circuit in Puget actually understood that Borden abrogated the Ninth Circuit's precedent to the extent it had previously suggested that specific intent was required. It would also be really difficult to square that understanding of Borden with this court's recent decision in Manley, where the central issue was whether extreme recklessness satisfies the Force Clause. We know extreme recklessness is necessarily a lower level of culpability than knowledge. So if it was determinative, basically, if extreme recklessness is sufficient to satisfy the Force Clause, so is knowledge. And more recently still in Boyd, this court confirmed that Borden simply confirmed this court's existing precedent going back as far as Garcia versus Gonzalez and McNeil and Middleton. So knowledge continues to satisfy the Force Clause and Borden did not abrogate McNeil. So bank robbery remains a valid predicate under 924C. If the court has no further questions, we ask that you affirm. Judge Reising, do you have any further questions? No, thank you, Judge Wilkinson. Judge Floyd? Your Honor, I first want to point to this court's decision in United States versus Jackson, which in a very similar procedural posture to what Mr. McClammy finds himself in, found that there was no procedural default. So that is our position. There is no procedural default in this case. As Judge Reising noted, Reed versus Ross is the governing standard here, which clearly identifies three separate ways that a claimant can overcome the cause portion of procedural default. And Johnson explicitly overruled its decision, which was overcoming a mountain of lower court authority in the opposite direction in James. And so we meet the cause standard, I think, easily. In terms of the prejudice, I again want to emphasize that the correct standard that this court has to look at is not based on the facts when we're talking about prejudice. What we're talking about in prejudice is did the error, did the error that the court incorrectly identified the predicate here as bank robbery as opposed to Hobbs Act conspiracy, did that error work Mr. McClammy's actual and substantial disadvantage? Here, the answer to the prejudice question has to undisputably be yes. Because when we look at what happened, Mr. McClammy is convicted of a second 924C. He gets a second or a consecutive 25-year sentence because there are two 924Cs. And that is not what we do in this type of prejudice analysis, is go back and look at what would the government have done? They may have just substituted. That is a path of inquiry that I think is fraught with concern because we don't know exactly what the parties would have done given if the law at the time now was in effect at the time then. But in terms of the question, Your Honor, raised Judge Wilkinson in terms of what is the basis for the actual innocence claim on count four, I want to make sure that I'm clear about what our argument is. In terms of actual innocence on count four, if this court finds that the 924C charge in count four is based on Hobbs Act conspiracy, as I think this court must, then we have to look at that that is not a crime that Mr. McClammy could be convicted of. One thing I'm concerned here is that we may be missing the forest for the trees. It seems to me that in the plea agreement and the plea colloquy, you have an individual that has admitted the predicate act, the predicate act to count four, and has admitted to bank robbery at a particular time and at a particular place. It doesn't seem to me that discharging a firearm in the course of a bank robbery to which he is admitted is, that seems to be a valid 924C predicate. And we can go through these different contortions and things that you have respectfully laid out for us. But at the bottom, the bottom line is that he has admitted to a, what did Congress pass this statute for? They passed this statute for 924C to curb the discharge of firearms in a crime of violence. And there doesn't seem to be any question that he was aiding and abetting the discharge of a firearm that hasn't been brought up. And it doesn't seem to me really any question that the bank robbery, an armed bank robbery is anything less than a crime of violence. So when I, excuse me, when I come right down to it, it seems to me you've got a perfectly valid predicate to count four, and that is right in the heartland of what Congress was trying to do with 924C. And that is to put an end or to rather to impose strict penalties for the discharge or use of firearms in connection with a crime of violence. And that's what's here by the persons, by Mr. McClammy's own admission. That's what we have, is it's a classic 924C. And I see my time has expired. May I answer the court's question? Sure. So Your Honor, the issue I think that the court has to confront and the court's concern that the court just addressed is that in Boosley, when the Supreme Court in Boosley said that we have to look at the facts to determine whether there is actual innocence, it limited itself to the crime charged. And so what we have to look at here is that the crime charged in count four was the conspiracy to commit Hobbs Act robbery, which we should all agree is not a crime of violence. And that is what this court must find. I urge the court to vacate this conviction in district court. Well, I guess my only response to that is that you seem to come close to saying that actual innocence requires some kind of separate charge and conviction on 924C. And you know, and I know that it doesn't require that. It's enough that a reasonable jury could convict on it. And it's hard to see how it could not convict on it when the admission is made during the stipulation of facts as to the by the individual himself in order to get a good deal on a plea agreement that there was this participation in this particular bank robbery. Of course, a reasonable jury could convict on that. I appreciate the court's comments. Happy to give you the last word. Thank you. I think we may disagree about what the law requires. And I think the law requires that in the prejudice standard, we have to look at what the count is that is charged. And that clearly is conspiracy here, which means that Mr. McClamey is actually innocent of the 924C in count four. Thank you. Thank you.
judges: J. Harvie Wilkinson III, Allison J. Rushing, Henry F. Floyd